# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 25, 2010 Session

**KENNETH ALAN STEELE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 244865    Don W. Poole, Judge**

---

**No. E2009–02376-CCA-R3-PC - Filed March 10, 2011**

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the majority opinion. I respectfully express my view that the trial court's "would not have changed the results" formulation does not necessarily equate to the application of a wrong standard. As the majority opinion notes, *Mixon* and *Vasques* formulate the standard for establishing entitlement to *coram nobis* relief as when the petitioner shows that the new evidence "may have" resulted in a different judgment. *See State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007); *State v. Mixon*, 983 S.W.3d 661, 672 (Tenn. 1999). One might view the trial court's formulation in the present case as merely stating the correct standard in the negative. Certainly, the more precise formulation of the opposite of "may have" is "*could* not have" or "*cannot* have," but still the court may have correctly determined that no possibility existed that the result of trial may have been different with the new evidence at play. Obviously, the use of the *Mixon-Vasques* language would be preferable.

JAMES CURWOOD WITT, JR., JUDGE